Williams, J.
The demurrer for incapacitj^ of the plaintiff to sue, is placed, in argument, upon no other ground than that the petition does not state a cause of action in favor of the plaintiff, and presents no question not raised by the general demurrer. The objection made to the petition is, that an action for the redress of the wrong alleged cannot be maintained by the plaintiff, because he is not the party injured, being only one of many who suffered the injury; or, more definitely stated, the express company, of which Platt is the president, is a copartnership, and must sue for the injury complained of, either in its copartnership name, or in the names of its members, all of whom must be joined, because all are united in interest.
Treating the company as a copartnership, some of the characteristics of which it undoubtedly has, though possessing others not pertaining to partnerships generally, as will be hereafter noticed, it is-obvious it cannot sue in its company name, under section 5011 of the Revised Statutes, for it does not appear to be “a partnership formed for the purpose of carrying on a trade or business in this state, or holding property therein.” Haskins v. Alcott, 18 Ohio St., 210. And, ordinarily, the only other mode in which a copartnership can sue is by and in the names of its members.
*708 It was the general rule in chancery, before the adoption of the civil code, that suits must be prosecuted by the real parties in interest, and that all who were united in interest must be joined. There were, however, certain well established exceptions to the rule, which, like the rule itself, were adopted for the convenient administration of justice. Among these exceptions, it is stated in Story’s Equity Pleading, section 97, were, “(1) where the question is one of a common or general interest, and one or more sue, or defend, for the benefit of the whole; (2) where the parties form a voluntary association for public or private purposes, and those, who sue, or defend, may fairly be presumed to-represent the rights and interests of the whole; (3) where the parties are very numerous, and although they'have, or may have separate, distinct interests; yet it is impracticable-to bring them all before the court.” In speaking of the-second class of exceptions above mentioned, it is said that “In cases of this sort the persons interested are commonly numerous, and any attempt to unite them all in the suit would be, even if practicable, exceedingly inconvenient, and would subject the proceedings to danger of perpetual abatements, and other impediments, arising from intermediate deaths, or other accidents, or changes of interest. Under such circumstances, as there is a privity of interest, the court will allow a bill to be brought by some of the parties in behalf of themselves and all the others, taking care, that there shall be a due representation of all substantial interests before the court.” So that, the principle upon which, that class of exceptions rested, is not different in substance, from that of the last class mentioned, namely, that the parties are numerous, and it is impracticable, in the convenient and speedy administration of justice, to have them all before the court; and the courts in many adjudged cases appear to-have so regarded it. By reference to some of the cases it will be seen how the exceptions were applied in practice, and when it was deemed, by the courts, impracticable to bring all of the parties, when numerous, before the court. Taylor v. Salmon, 4 M. & C. (18 Eng. Ch. R.), 134, was a suit by the directors of an unincorporated mining company, in be *709 half of themselves and its other shareholders, to compel the execution of a lease to the company, under an agreement alleged to have been made in its behalf by certain of its members. The bill alleged there were one hundred and twenty-eight shares of stock held by the plaintiffs, and the other members of the concern, who were more than forty in number, in different proportions; and that the shares, which were transferable, were so liable to change of ownership as to render it impracticable, without great inconvenience, to make the owners all parties to the suit. One of the objections made to the bill was, that all the members of the company were not made parties. But Eord Chancellor Cottenham, overruling the objection, said: “That where the parties interested are numerous, and the suit is for an object common to them all, some of the body may maintain a bill on behalf of themselves and of the others, is established.”
In Walworth v. Holt, 4 M. & C. (18 Eng. Ch. R.), 619, a bill was filed by some of the shareholders of a joint stock banking company, on behalf of themselves and all other shareholders, except the defendants, against the directors and certain shareholders, who, it was alleged, had not paid their subscriptions to the stock of the company, to compel payment of the same, and the application of the money to the satisfaction of the company’s debts. The bill averred that all the shareholders had a common interest in having the partnership property gotten in and applied in satisfaction of the partnership debts, and, that the number of shareholders was so great, and their rights and liabilities so subject to change and fluctuation by death or otherwise, that it was not possible, without great inconvenience, to make them parties to the suit. The bill was demurred to for want of necessary parties; it being claimed that all shareholders who were not defendants, should have been plaintiffs. The demurrer was overruled, the Lord Chancellor remarking, that it was the duty of the court “to adapt its practice- and course of proceeding to the existing state of society, and not, by too strict an adherence to forms and rules, established under different circumstances, to decline to administer justice, and to enforce rights for which there is no other remedy. This *710 has always been the principle of this court, though not at all times sufficiently attended to. It is the ground upon which the court has, in many cases, dispensed with the presence of parties who would, according to the general practice, have been necessary parties.”
Small v. Atwood, 1 Younge’s R., 407, was a bill by some of the members of a copartnership styled The British Iron Company, in behalf of themselves and all copartners, to rescind a contract for the purchase of certain mining property, and recover back the purchase money paid, on the ground of fraud. It was urged as an objection to the bill, that all the members of the firm should be parties, they being all interested in the recovery. In deciding against that objection, Rord ChiefBaronRYNDHURSTsaid, that “it is the rule of a court of equity that all persons who are interested in a question which is litigated, must, either in the shape of plaintiffs or defendants, be brought before the court. If that rule were to apply, in its strictness, to a case of this description, this consequence would follow, that justice in such cases would be unattainable in this court; because it is perfectly certain, that if it were necessary to put upon the record the names of all the persons who are members of this partnership, or were members at the time when this bill was filed (for they then amounted to nearly six hundred), it would be utterly impossible that the suit could ever come to its termination, from the necessary abatements which would, from time to time, take place from deaths and other causes.” The case, it was held, came within an exception to the general rule requiring all persons interested in the question to be made parties; which exception, it is said, was established at an early period for the purpose of preventing a failure of justice.
In Chancey v. May, Prec. in Ch. (Finch’s Chan. Cas.) 592, a bill was brought by the treasurer and managers of the Temple Mills Brothers’ Works, an unincorporated company, on behalf of themselves and all other proprietors, except the defendants, the late treasurers and managers, who were charged with the misappropriation and embezzlement of the partnership funds. The part *711 nership consisted originally of eighteen shares, which were afterward divided into eight hundred. The defendants demurred, because the rest of the proprietors were not made parties. The demurrer was overruled on the grounds, first, that the bill was on behalf of all other co-partners, except the defendants, and so all of them were, in effect, parties; and, secondly, that it would be impracticable to make them all parties by. name, as there would be continual abatements by death, or'otherwise, and so no coming at justice, if all were required to be made parties. There are many English and American cases of like character. Those already adverted to, sufficiently show the nature of the exceptions which obtained in chancery, to the general rule in regard to parties, the principle upon which they were based, and the manner of their practical application. The rule, and its exceptions, in their breadth and substance, were adopted into our code, (sections 4993, 5007 and 5008, Revised Statutes), and, by its provisions made applicable to the civil action which it substituted for what was theretofore known as the suit in equity, and' the action at law. It is argued by counsel for the defendant in error, that the provisions of section 5008, permitting one or more to sue or defend for the benefit of all, when the question is one of a common or general interest of many persons, or when the parties are very numerous and it is impracticable to bring them all before the court, apply only to actions of an equitable nature, because, before the code, that manner of proceeding was allowed only in suits in equity. If that were a sufficient reason for restricting the provisions of that section to such actions, the same reason would make it necessary to so restrict the general requirement of the code that the plaintiffs must be the real parties in interest, and all must join who are united in interest; for that, as we have seen, was the general rule in equity, and not applicable to many actions at law; and so, with respect to the rule adopted by the code, requiring the petition to state the facts constituting the cause of action, and others of its provisions. Indeed, the mode of procedure in the civil action is, in most respects, taken from, or assimilated to, that which prevailed in suits in chancery. One object of the *712 code in abolishing the distinction between actions at law and suits in equity, and prescribing the same method of procedure for the prosecution of both, evidently was to simplify judicial proceedings, and facilitate the administration of justice; and to accomplish that end, its provisions, and proceedings under them, should receive that liberal construction which it is expressly required shall be given them. To -restrain the application of section 5008, to actions of á purely equitable nature, would, we think, be at variance with its language, and the general spirit and purpose of the code. If it is competent for some of the shareholders of an unincorporated company to sue for themselves, and all others, to recover money which had been obtained from the company by fraud, as was done in Small v. Atwood supra, or, to recover money of the company which had been embezzled, as was the case in Chaney v. May, supra, there would seem to be no reason, in the nature of things, why a like action might not be maintained to recover money obtained from such a company by theft, as it is sought to do in the case before us. The same grounds appear in this case, which were deemed sufficient in the other cases, to entitle some of the shareholders to sue for all. The petition alleges, that the express company is a joint stock association organized in 1854, under the laws of the state of New York, having seventy thousand shares of stock owned by about one thousand shareholders, all of whom have a joint interest and ownership in the cause of action set forth in the petition, but who are too numerous to be joined as plaintiffs; that Thomas C. Platt is the president, and a stockholder of the company, and brings the action in behalf of the company and all of its stockholders; and that such suit is authorized by the law under which the company was organized. Though such associations are not corporations, they possess some of the attributes of corporations, and in these respects differ from ordinary mercantile copartnerships. They can sue and be sued in the name of their president or treasurer; their capital is represented by stock certificates which are transferable; the death of a member, or transfer of his shares, does not dis *713 solve the company, which is thus made capable of perpetuity like a corporation, and it can so hold real or personal property. 2 Potter on Corporations, sec. 624. While the petition does not, in terms, aver that it is impracticable to bring all the shareholders before the court, the impracticability of doing so appears from the allegations as to the nature of the association, and the number of its shareholders. The association is not unlike those English companies referred to in the cases'above cited; and its shares being transferable, like the shares in those companies, the ownership is so liable to change by sale, or death of the owner, as to render it impracticable, within the meaning of that term as derived from the adjudged cases, and as used in section 5008, of the Revised Statutes, to bring all the shareholders before the court; and the suit may, therefore, be prosecuted by the president who is a shareholder of the companj1-, as it has been brought. We see no reason why judgment against the plaintiff will not be binding upon all whom he represents, or judgment in his favor enure to their benefit. Each stockholder, by becoming a member of the association, gave his consent to that rule of its being, that suits in its behalf might be prosecuted according to the law applicable to it, and the judgment in any action so prosecuted, with such consent, must necessarily operate upon all, as if they were named in the suit.

Judgment reversed.